IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**RICKEY L. PERRY**,
  *Plaintiff,*

vs.

**PROGREXION TELESERVICES,**
  *Defendant.*

Case No.: CIV-17-1285-F

# COMPLAINT

COMES NOW the Plaintiff, RICKEY PERRY, by and through his attorneys of record, Robert J. Wagner and Jon J. Gores of WAGNER & WAGNER, P.C., and for his cause of action against the Defendant alleges and states as follows:

## PARTIES

1. Plaintiff, RICKEY PERRY (hereinafter "Plaintiff"), is a sixty (60) year old African-American male and a resident of Oklahoma County, State of Oklahoma.

2. Defendant, PROGREXION TELESERVICES is a company established under the laws of the State of Delaware with offices in several states and having its principle place of business outside of Oklahoma.

3. Like the offices in other states, Defendant conducts business characterized as "credit repair" services out of its Oklahoma City office.

## JURISDICTION AND VENUE

4. This is a cause of action for discrimination based on race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); the Oklahoma Anti-Discrimination Act (25 O.S. §1301, et seq); and the common law of the State of Oklahoma.

1

5. Jurisdiction over the Federal claims is vested pursuant to 29 U.S.C. §626(c), 42 U.S.C. §12117(a), 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331. The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 29 U.S.C. §1367(b).

6. All actions complained of occurred in Oklahoma County, Oklahoma, and Defendant may be served in that county, which is within the geographic limits of the United States District Court for the Western District of Oklahoma, wherefore venue is proper in this court under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b).

7. Plaintiff has complied with the administrative prerequisites of filing a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on the 1st of September 2016 alleging discrimination on the basis of "RACE", and "AGE" in Charge No.: 564-2016-01571, a copy of which is attached hereto (as "Appendix-1") and incorporated herein by this reference.

8. The "Notice of Suit Rights" was issued and mailed to Plaintiff and Defendant on or about the 31st day of August 2017, Plaintiff first received a copy of the "Notice of Suit Rights" or "Right to Sue Letter" on or after the 1st day of September 2017. A copy of said "Notice" is attached hereto (as "Appendix-2") and incorporated herein by this reference.

9. The ninety (90) day period within which Plaintiff must file an action, pursuant to the "Notice of Suit Rights" expires on or after the 29th day of November 2017.

10. The EEOC has a work share agreement with the Oklahoma Attorney General's Office of Civil Rights Enforcement ("OCRE") located in Oklahoma's Attorney General's Office such that a filing with the EEOC satisfies any requirements under the Oklahoma Anti-Discrimination Act.

**STATEMENT OF FACTS**

11. Plaintiff was hired by Defendant as Operations Manager of its new Oklahoma City call center with his acceptance on the 1st day of October 2015 for which he was to be paid eighty-thousand ($80,000.00) dollars annual salary plus bonus other fringe benefits.

12. The position was classified as being at-will and subject to drug, background and credit screening.

13. In early October 2015 Plaintiff and another individual (Chuck Johnson) who was hired as the other "Operations Manager" both started training with the company in Salt Lake City.

14. While in Salt Lake City, Plaintiff and Chuck Johnson each were subjected to drug tests along with background and credit checks, which Plaintiff successfully passed and although Johnson failed the drug test, he was presumably allowed time to retest, but it is not clear if he ever passed the mandatory drug test.

15. Upon return to Oklahoma City, Defendant began hiring twenty-four (24) Agents and four (4) Sales Coaches in preparation for opening Call Center.

16. Initially each of the Operations Managers, Plaintiff and Chuck Johnson (hereinafter "Johnson') were responsible for two (2) of the sales coaches

and as more agents and sales coaches were added, they were either under the supervision of Plaintiff or Johnson.

17. Johnson is a Caucasian male and nearly ten (10) years younger than Plaintiff.

18. Plaintiff had more responsibility than Johnson and had to perform more difficult and a greater volume of work for the same or less income.

19. When hiring decisions were discussed between Plaintiff and Johnson, if Plaintiff didn't agree on the selection of a candidate, on more than one such occasion Johnson would hire the person and tell them Plaintiff had something against them, creating a level of disharmony between those Sales Coaches under Johnson's supervision and Plaintiff.

20. Sales coaches under Johnson refused to take calls personally even though it was outlined in the training paradigm as policy due to it being the best way to model what was expected.

21. Johnson refused to hold his managers accountable and there arose a divide between those under Plaintiff and under Johnson, some characterizing as being "black" and "white" lines, which was discussed and became the topic of a management meeting with all support staff, but no meaningful action was taken.

22. Johnson was also not carrying his weight which made it necessary for Plaintiff to cover for him doing more work for the same or less money.

23. These allegations of racial disharmony were also brought to the Site Director (Carolyn Lindsey) and it was learned that some confusion over half of the

teams getting motivating T-shirts and others NOT, was due to half of the budgeted money having been used with Johnson's knowledge, to purchase lottery tickets.

24. Two of the sales coaches took the issue of disharmony with "black" and "white" team alliance to the new Recruiting Manger who was acting HR Generalist, but there was still nothing done to address what had become a racially charged atmosphere.

25. As the operation moved to a new larger facility, the lack of any meaningful action to address disunity made it appear even more polarized with Johnson not following established company policies, giving his people certain advantages in shifts and causing Plaintiff's teams to have less favorable and more volume for the same or less money.

26. Johnson was exacerbating racism and disharmony between those working with Plaintiff when he refused to honor the direction of the Site Administrator who with the Plaintiff and one other "Coach" (Angela Houston) were, upon information and belief, the only three (3) African-American employees not only the Oklahoma City call center but in the 3,000 plus employee company.

27. Carolyn Lindsey, Angela Houston, and Plaintiff all complained about racism, being treated less favorably than other employees, and there being a "hostile workplace" on the basis of race, but no meaningful action was taken to address their complaints.

28. Defendant failed to follow its own policies against discrimination on the basis of race and age.

5

29. Ultimately Carolyn Lindsey, Angela Houston and Plaintiff were all terminated, Plaintiff was terminated on or about August 5, 2016 and a member of management "alleged" that it was due to Plaintiff having a drug problem and having personal relationships with two different employees' mothers.

30. There was no evidence of Plaintiff ever failing an employment related drug test or otherwise having a "drug problem" or having any improper relationship to warrant termination from his employment.

31. Defendant's creation of "excuses" for the disparate and less favorable treatment that Plaintiff received and/or his termination should be considered evidence of pretext which along with failure to follow established policies should be viewed as evidence of intentional discrimination.

32. Plaintiff was treated less favorably on the basis of his age (59 at the time) and his race (African-American).

33. Defendant failed to follow established requirements under Title VII, the ADEA, and the OADA, allowing the workplace to become a "hostile workplace" as defined by statute.

34. Defendant's conduct toward Plaintiff, as alleged above, has caused Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

35. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of the career potential he had with Defendant, and the loss of wages, benefits and other compensation that such employment entails.

36. Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

38. Plaintiff seeks relief for discrimination on the basis of his race and/or age.

39. Plaintiff also opposed practices which were detrimental to clients or employees and/or in a manner which is detrimental to the public and contrary to Oklahoma's clearly established public policy of protecting the health and welfare of citizens and precluding fraud against any people or entities.

40. Plaintiff also seeks relief under state law to the extent that "Any other result would condone breach of a duty imposed by law on all employers -- the duty not to discharge an employee for attempting to correct an illegal or unethical act." Rosenfeld v. Thirteenth Street Corp., 1989 Okla. LEXIS 105 (Okla. 1989) 4 I.E.R. Cas. (BNA) 770.

41. Plaintiff also requests relief under State law, which allows different damages, attorney fees and other remedies which are not authorized by Federal Law. Shirazi v. Childtime Learning Center, Inc., 2009 OK 13, 204 P.3d 75 (Okla. 2009).

42. As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

# CAUSES OF ACTION

## *COUNT I*

### Violation of Title VII of the Civil Rights Act of 1964, as Amended

Plaintiff incorporates all prior allegations and further alleges that:

43. Defendant had a duty to ensure the workplace was free of unlawful discriminatory employment practices.

44. Plaintiff seeks declaratory judgment that Defendant violated Title VII and award all damages authorized thereunder.

45. Because the actions of Defendant were willful, wanton or at the least, in reckless disregard of Plaintiff's rights, punitive damages should be assessed under both state and federal law in a sum equal to or greater than the amount of actual damages awarded.

## *COUNT II*

### Violation of Age Discrimination in Employment Act (ADEA)

Plaintiff incorporates all prior allegations and further alleges that:

46. Discrimination based on age is contrary to the ADEA, at the least one motivating and/or significant factor in Defendant's less favorable treatment toward and ultimate termination of Plaintiff was related to his age (or this factor in combination with his race).

47. As the direct and proximate result of Defendant's action, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses for which he is entitled to compensation.

48. Under the ADEA, Plaintiff in entitled to lost wages (past and future) and liquidated damages. Under state law Plaintiff is entitled to the actual and punitive damages claims set out in Court I above.

49. Plaintiff seeks declaratory judgment that Defendant violated the ADEA and award all damages authorized thereunder.

## *COUNT III*

**Violation of Title 42 U.S.C. §1981**

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

50. Discrimination on the basis of race is not only contrary to Title VII, but is also a violation of Title 42 U.S.C. §1981, where at the least one motivating and/or significant factor in Defendant's action against Plaintiff was hostility toward Plaintiff based on his race (or this factor in combination with his age).

51. Plaintiff seeks damages for violation of Title 42 U.S.C. §1981.

## *COUNT IV*

**Violation of Oklahoma Anti-Discrimination Act (OADA)**

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

52. Plaintiff seeks declaratory judgment that defendants violated the OADA and the public policy of the State of Oklahoma as defined therein.

53. Plaintiff seeks damages for violation of the OADA, but only to the extent state law is NOT a duplication of the relevant Federal law or remedies.

## COUNT V

### Violation of the Public Policy of Oklahoma

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

54. Plaintiff seeks declaratory judgment that defendants violated the public policy of the State of Oklahoma as defined therein.

55. As the direct and proximate result of Defendant's action, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses for which he is entitled to compensation.

56. Because the actions of Defendant were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, punitive damages should be assessed under both state and federal law in a sum equal to or greater than the amount of actual damages awarded.

WHEREFORE, Plaintiff, RICKEY PERRY, prays that he be awarded judgment against the Defendant and all relief as may be appropriate, including, but not limited to actual damages, including lost wages, liquidated damages and front pay, and other benefits from working, non-economic damages, punitive damages, where authorized by law, pre and post judgment interest, attorney fees, costs and any other different or additional relief as may be just through law or equity.

Respectfully submitted by:

WAGNER & WAGNER,
4401 N. Classen Blvd., Ste. 100
Oklahoma City, OK 73118-5038
(405) 521-9499, (Fax) 521-8994
(e-mail) rjw@wagnerfirm.com
(e-mail) jjg@wagnerfirm.com

*s/ Robert J. Wagner*

By: _____
Robert J. Wagner, OBA #16902
Jon J. Gores, OBA #31068
Attorneys for Plaintiff
RICKEY L. PERRY

**ATTORNEY'S LIEN CLAIMED**